Evans, 3.
delivered the opinion of the Court.
Ever since the case of Wolfe v. O'Ferrell, decided in 1812, the mortgagee has been regarded as the legal owner of the *459 chattels included in the mortgage. If there be a covenant in the mortgage deed, that the mortgagor should retain possession, that will restrain the mortgagee from disturbing his possession until the condition is broken. But such a covenant is not assignable, and as to all other persons, the mortgagee is the owner before there is a breach of the condition. This was decided in Spriggs v. Camp and Bellune v. Wallace. In this case the day of payment was passed, and the legal estate unconditionally vested in the defendant as administrator of DeGraffenreid, the mortgagee. The plaintiff had a mere permissive possession, determinable at any time by the defendant. The rule of law is not doubted that the legal owner may, at any time, take possession if he can do so without violating the criminal law. Unless in very extraordinary cases, he does not subject himself to a civil action; If he may take possession of his own, I do not see any reason why he may not do so in the night as well as the day. If a landlord cannot distrain at night, that depends either on some ancient statute or some rule of expediency, which has no application to this case. It might often happen that the property would be taken beyond his reception, unless he could seize it when and wheresoever found.
2Spears, 187. 3 Rich. 80.
I do not perceive that the doctrine of election has any thing to do with the case. A creditor shall not have two satisfactions for the same debt, but there is no inconsistency in his pursuing two remedies. If one produces satisfaction, that is a bar to the other. A mortgage is a specific lien, and a judgment is a general lien. Both may be consistently pursued, until the debt is satisfied.
It may be that, in this case, the defendant’s conduct may have been unneighborly, and morally viewed, even “improper” and unjustifiable, but there was nothing in the evidence which made it illegal, so as to require that the case should have been submitted to the jury. The non-suit was proper- • ly ordered, and the motion to set it aside is dismissed.
O’Neall, J. — Wardlaw, J. — and Frost, J. — concurred.

Motion refused.